**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jyquez Julius Freeman, Appellant.

Appellate Case No. 2018-001891

———————————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-016
Submitted November 1, 2021 – Filed January 12, 2022

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———————————

**PER CURIAM:** Jyquez Julius Freeman appeals his convictions and aggregate forty-year sentence for murder, armed robbery, possession of a weapon during the commission of a violent crime, and four counts of kidnapping. On appeal,

Freeman argues the trial court erred in removing a juror before deliberations began and erred in refusing to grant a mistrial based on a witness's testimony. We affirm pursuant to Rule 220, SCACR.

First, the trial court did not err in removing Juror 107 because the State showed the unintentionally concealed information involving the juror's connection to Freeman's sister indicated the juror was potentially biased and this would have been a material factor in the State's exercise of its peremptory challenges. *See State v. Coaxum*, 410 S.C. 320, 328, 764 S.E.2d 242, 246 (2014) ("[I]f a juror's nondisclosure is unintentional, the trial court may exercise its discretion in determining whether to proceed with the trial with the jury as is, replace the juror with an alternate, or declare a mistrial."); *id.* at 329, 764 S.E.2d at 246 ("[T]he moving party has a heightened burden to show that the concealed information indicates the juror is potentially biased, and that the concealed information would have been a material factor in the party's exercise of its peremptory challenges.").

Second, the trial court did not err in denying Freeman's motion for a mistrial because Freeman was not prejudiced by the witness's testimony and the witness's testimony did not rise to the level of impermissible character evidence. *See State v. Council*, 335 S.C. 1, 13, 515 S.E.2d 508, 514 (1999) ("In order to receive a mistrial, the defendant must show error and resulting prejudice."); *State v. Thompson*, 352 S.C. 552, 560, 575 S.E.2d 77, 82 (Ct. App. 2003) ("The decision to grant or deny a mistrial is within the sound discretion of the trial [court]."); *id.* ("The [trial] court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").

**AFFIRMED.**[1]

**WILLIAMS, A.C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.